# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3265 | **DATE** | June 12, 2008 |
| **CASE TITLE** | Jackson v. Illinois Department of Labor | | |

**DOCKET ENTRY TEXT**

Plaintiff has failed to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the case is dismissed with prejudice. The application for leave to proceed in forma pauperis and motion for the appointment of counsel are denied as moot.     SEE DETAILS BELOW.

_____ [ For further details see text below.]                                                                 Docketing to mail notices.

:00

## STATEMENT

Plaintiff Kimyuna Jackson filed this pro se action in which she complains about a hearing that occurred on her wage claim before the Illinois Department of Labor ("IDOL") and names IDOL as defendant as well as Chief Administrative Law Judge Claudia D. Manley . Plaintiff's complaint is based on the same set of facts as her previous complaint that we recently dismissed for failure to state a federal claim in case number 08 C 2969. Plaintiff again seeks to proceed in forma pauperis and moves for the appointment of counsel. She states in her financial affidavit that she is currently unemployed and that her sole source of funds is child support. She has no assets. On these facts, plaintiff has demonstrated her inability to pay court costs. We must also consider, though, whether the complaint satisfies any of the criteria for dismissal enumerated in 28 U.S.C. § 1915(e)(2)(B). We are mindful of our responsibility to construe a pro se complaint liberally. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996).

     This complaint, like the complaint in 08 C 2969, is very brief and again complains that an administrative law judge, during plaintiff's wage claim hearing before the Illinois Department of Labor, did not let plaintiff speak. Plaintiff adds allegations that an attorney for the Board of Education of the City of Chicago who testified at the hearing "lied" and presents an affidavit from that attorney stating that at some point, she was authorized to offer plaintiff $184.00 to settle the wage claim but was unable to locate plaintiff to convey the offer. Plaintiff seeks $300 million in damages.

     The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Although this does "not require heightened fact pleading of specifics," it does require the complaint to contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. Plaintiff has added details about the hearing to the instant complaint, but the complaint still fails to raise a colorable federal claim. Plaintiff's civil cover sheet identifies the action as one brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and [42 U.S.C.] § 1981. The allegations are insufficient to state either claim. Title VII prohibits employment discrimination, and § 1981 prohibits racial discrimination in the making and enforcement of contracts, including employment contracts. However, plaintiff does not allege that IDOL or the administrative law judge were her employers, nor does she allege any discrimination. In addition, we cannot discern a basis for any other federal claim.

     Plaintiff has failed to state a claim on which relief may be granted. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the case is dismissed. This is the second time plaintiff has attempted, and failed, to plead a federal claim with regard to the facts alleged. Because we see no possibility of successful amendment, the dismissal is with prejudice. The application for leave to proceed in forma pauperis and motion for the appointment of counsel are denied as moot